SAMUEL F. TRACY *v.* THE NEW YORK STEAM FAUCET MANUFACTURING COMPANY and others.

One of several defendants, who has appeared in an action, although he has neither answered nor demurred, is entitled to a notice of trial, and the court has no power to dispense with the service.

Accordingly, where a cause, at issue as between the plaintiff and two of the defendants, was called in its order on the calendar, and one of the said two defendants was permitted by the plaintiff (upon consenting not to ask costs of him) to take judgment against two other of the defendants, from whom the plaintiff had stipulated not to require answers without giving them further notice, and who had not been served with a notice of trial; *held*, that the judgment was irregular and must be set aside.

An order upon a motion to vacate such a judgment is appealable.

And generally, where a judgment has been obtained in violation of an express provision of the code, a motion to vacate it involves the merits within the meaning of § 349.

If the plaintiff's stipulation, not to require two of the defendants to answer without further notice, was not a *nullity* by reason of collusion; *held*, that the cause was not at issue and could not be brought to trial, certainly not so as to affect the rights of those defendants; and that, in case the plaintiff failed in exercising due diligence to place the action in a state of readiness for trial, the remedy of the defendants who had answered, was, to move a dismissal of the complaint, or prosecute a cross action for the enforcement of their claims to the property in litigation.

Where the prayer of the complaint is for the appointment of a receiver, and that

the defendants be decreed to deliver to him certain notes, bills, securities and money, to be applied to the payment of a judgment previously obtained by the plaintiff against one of the defendants; it is at least doubtful whether, under § 275 of the code, a judgment for a sum certain, in favor of one defendant against others who have not answered, is not so inconsistent with the relief demanded, and so at variance with the scope of the complaint, as to be clearly erroneous.

*It seems*, that § 274 of the code does not authorize a judgment against a defendant in favor of his co-defendant, where he is not apprised by the complaint, nor by a cross complaint, nor otherwise, that in the action which he has been summoned to defend, his liabilities to his co-defendant will be urged against him.

The construction of that section, respecting the power of the court to give judgment against one defendant in favor of another, and in what cases, &c., considered.

THIS was an appeal from a judgment for $2,881 21, entered at special term, in favor of one defendant against his co-defendants. The facts are stated in the opinion.

*James N. Platt, Thos. C. T. Buckley* and *James W. Gerard,* for the moving parties.

*J. W. Benedict, A. Boardman* and *Charles O' Conor,* for the other defendants.

*S. K. Wightman* and *E. P. Clark,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—The complaint in this cause is in the nature of a bill in equity. It is filed by the plaintiff as a judgment creditor of an insolvent corporation, (the New York Steam Faucet Company,) setting forth the recovery of his judgment, the issuing of execution, and the return of the execution unsatisfied, and alleges, in substance, (as amended,) that the defendant, Metcalf, being president of the corporation, with the consent and connivance of the corporation, by collusion with the defendants, Reynolds & Gross, and with intent to defraud the creditors, and especially to defraud the plaintiff, and to hinder, delay and prevent the collection of the judgment, has placed certain notes, securities and money in the hands of the defendants, Reynolds & Gross, which are, in fact, a portion of the assets and property of the corporation,

and which ought to be applied to the payment of the plaintiff's judgment. That the defendants, Reynolds & Gross, had knowledge of the fraud, and together with Metcalf and the corporation, collude and conspire to cheat the plaintiff, and that their proceedings therein are a fraud upon his rights and the rights of the other creditors of the company. The complaint further alleges that Metcalf has assigned, or pretends to have assigned, all his property to the defendant, Jacob H. Mott, who claims, as such assignee, to be entitled to the said notes, securities and moneys.

The complaint thereupon prays that a receiver be appointed, and that the defendants, the Company, Metcalf, Reynolds & Gross, be decreed and directed to deliver the notes, securities and moneys to *the said receiver*, notwithstanding the said claim of the defendant, Mott, and that the same may be applied to the satisfaction of the plaintiff's judgment and his costs in this suit; and if the same be insufficient for that purpose, that the plaintiff may have execution for the balance, and that the defendants may be enjoined against collecting, disposing of, or interfering with the said notes, securities, moneys, &c.

This complaint, as amended, appears to have been sworn to on the 29th January, 1851, and to have been served on or about the 1st of August, 1851, upon the attorneys of the defendants, Reynolds & Gross.

It appears from the affidavits read on the motion, that the defendants, Metcalf and Mott, answered the amended complaint. What their answer contained does not appear from the papers submitted on the appeal, and the answer itself is not before us. I may reasonably infer from the affidavits, that the defendant, Mott, denied the plaintiff's claim to the property in question, and set up title thereto in himself, as the assignee of Metcalf. But it does not appear that the defendants, Reynolds & Gross, or their attorneys, have been in any manner notified of the contents of such answer, or of the claims therein made.

It also appears that the defendant, Reynolds, had answered the complaint before it was amended, but what facts were al-

leged, or what defence was set up, does not appear, and his answer is not laid before us.

The plaintiff's attorneys, after the service of the amended complaint, gave to the attorneys of the defendants, Reynolds & Gross, a stipulation by which it was consented that they need not answer the amended complaint until the said attorneys should receive from the plaintiff's attorneys eight days' notice that such answer is required.

Relying upon such consent, the last named defendants have not answered.

Notwithstanding the said stipulation, the cause was placed upon the calendar of issues of fact, for trial. By whom it was noticed for trial, does not appear, although a reference in one of the affidavits to the proof of service of notice of trial, seems to imply that it was noticed by the plaintiff's attorneys. It does, however, distinctly appear that no notice of trial was served upon the attorneys for the defendants, Reynolds & Gross, and they do not appear to have received any notice of any proceeding in the action, until they were informed by their clients, that they had been called upon to pay a judgment entered up herein.

There is a conflict in the affidavits upon the question, *by whom* the cause was in fact brought to trial, *i. e.*, whether by the plaintiff or by the defendant, Mott; but it seems that the cause was called in its order on the calendar, and that upon the consent of Mott's counsel not to ask costs against the plaintiff, he was permitted, without opposition from the plaintiff, to proceed in the cause, and a judgment was thereupon entered *in favor of the defendant, Mott, against the defendants, Reynolds & Gross,* for $2,881 21, and as to the other defendants, the complaint was dismissed.

Upon being notified that such a judgment had been rendered, the defendants, Reynolds & Gross, moved the court, at special term, to set aside the judgment. The motion was denied, and appeal is now taken to the general term.

The motion appears to have been opposed at the special term, mainly upon the ground that the consent by which the

time for the defendants, Reynolds & Gross, to answer the complaint, was extended, was the result of collusion between the plaintiff and those defendants; and that not only such consent, but the very prosecution of the suit and obtaining an injunction therein, was a contrivance to hinder and delay the defendant, Mott, in the enforcement of his rights as assignee. That the court ought not to give effect to this scheme of the plaintiff and Reynolds & Gross to delay the defendant, Mott, by neglecting to bring the cause to an issue, but on the contrary, ought to treat the stipulation as a nullity, and regard the defendants, Reynolds & Gross, as in default for not answering—the time for answering (in the absence of any valid extension thereof) having long since expired.

The charge of collusion is, with no little plausibility, retorted upon the defendant, Metcalf, by Reynolds & Gross, and in the absence of further explanation from either party, there are statements in the affidavits warranting a suspicion that the plaintiff, or his attorneys, have been at one time affected with favor towards the defendants, Reynolds & Gross, and that subsequently, considerations, not immediately connected with the matters in controversy herein, have induced a disposition to favor the other defendants. I do not deem it necessary to the disposition of this appeal, that we should determine with which of the defendants the plaintiff has most unfairly colluded.

There are difficulties in the way of sustaining the judgment, whatever view be taken of this question of collusion, or of the effect of the alleged collusive stipulation.

*First.* If the stipulation be sustained as binding upon the plaintiff, or as binding upon all the parties until set aside or declared inoperative on a proper motion; in short, if it was not a *nullity*, then the cause was not at issue, and the cause could not be lawfully brought to trial. Certainly not so as to affect the rights of the defendants, Reynolds & Gross. Whether this was a case in which, under the provisions of §§ 258 and 274, a trial might have been ordered to determine the issues between the plaintiff and the defendants, Mott and Metcalf, it is not material to inquire.

If the plaintiff did not proceed with due diligence to place the action in a state of readiness for trial, the remedy of the defendants, Mott and Metcalf, was to move a dismissal of the complaint, or prosecute their cross action for the enforcement of their claims to the property in question.

*Second.* If the stipulation alleged to be collusive might be treated as a nullity, and the defendants, Reynolds & Gross, in default, then it may well be doubted whether, under the provision of § 275, the judgment given in this case in favor of the defendant, *Mott*, against Reynolds & Gross, for a sum certain in money, is not so totally inconsistent with the relief demanded in the complaint—so totally at variance with the whole scope and object of the complaint — as to be clearly erroneous. The prayer is, that a receiver of the assets of the Steam Faucet Company be appointed, and that the defendants be decreed to assign and deliver to him, as such receiver, certain notes, bills and securities, with the moneys in their hands, or in the hands of one of them, to be applied to the payment of a judgment against the company. The judgment is, that the defendants, Reynolds & Gross, jointly pay $2,881 21 to the defendant, Mott.

Besides this—without considering the argument urged by the counsel for Reynolds & Gross, that proceedings against an insolvent corporation are regulated by statute, and that the mode of proceeding prescribed by the statute has not been pursued—there is a further difficulty in sustaining the course pursued herein, even though the said stipulation be regarded as a nullity.

The judgment in favor of one defendant against two other defendants is supposed to be warranted by section 274, which in terms authorizes the court to determine the ultimate rights of the parties on each side as between themselves. If we sustain this judgment under the provisions of that section, it appears to me that we cannot stop short of saying, that in an action by A. against B. and C., to recover money alleged to be due from them, if B. do not answer the complaint, the court may give judgment in favor of C. against B., without apprising

B. that any claim in favor of C. has been interposed in the action. Or, for example, if A. sue B. as maker and C. as endorser of a promissory note in one action, and B. does not answer, the court may, on the trial, and in the absence of B., give judgment in favor of C. against him.

I apprehend that this was not, and that nothing like this was intended by the legislature in enacting the section referred to.

It is doubtful whether it was intended to go further than the former practice in chancery in settling the rights of defendants as between each other, as in interpleader suits—suits for partition—suits filed to close a trust—suits brought for the distribution of a fund—suits brought for the purpose of settling conflicting claims, and the like, where it was within the proper scope and object of the action, as exhibited in the complaint, to bring these various or conflicting claims to an issue, and the determination of which was essential to the accomplishment of the very object sought by the bill itself. And even in such cases, although the court had *full power* to make a decree in favor of one against another defendant, it was frequently necessary, and in many other cases it was indispensable, that the defendant seeking affirmative relief against another defendant, or setting up a conflicting claim upon grounds not brought in issue by the complaint itself, should file his cross complaint to enable the adverse defendant to litigate the points in controversy between them. Whether the section referred to has extended the class of cases in which such judgment can be given, so as to embrace actions in which no such practice ever theretofore prevailed, I will not now inquire. It does not, in any view of the subject, seem to me just nor reasonable to give it a construction warranting a judgment against a defendant in favor of a co-defendant, where he is not apprised by the complaint, nor by a cross complaint or otherwise, that in *that action* which he has been summoned to defend, his liabilities to his co-defendant will be urged against him. By the summons and complaint he is informed that the plaintiff makes a claim therein set forth—if he answers, he is only bound to meet the case made by the plaintiff—if he do

not answer, the court should only make such decree as is consistent with the prayer of the complaint.

The practice under this section remains to be settled. But it appears to me a matter of great doubt whether it can be made to apply at all to an action founded on a complaint like the present.

I do not, however, propose to rest the determination of this appeal upon any of the grounds in regard to which difficulties are above intimated. Those difficulties may have to be met and disposed of in the future conduct of the cause, or they may perhaps be found, on further examination, to be groundless. And some of them are of such a nature that they might perhaps more properly be examined upon an appeal from the judgment itself. Section 414 of the code seems to me to be conclusive against the respondents on this appeal.

By that section it is expressly provided, that service of notice, or papers in the ordinary proceedings in an action, shall be made upon a defendant (who has not demurred or answered) or upon his attorney—*if notice of appearance in the action* has been given. And section 417 provides, that where a party shall have an attorney in the action, the service of papers shall be upon the attorney.

Upon this subject there does not appear to me to be room for discussion; nor is there any thing new in these provisions. Where a defendant had appeared, it was always necessary to give his attorney notice of the execution of a writ of inquiry, or of an assessment of damages, although he had not put in a plea. And where there was more than one defendant, one of whom had pleaded, and the cause was brought to trial upon the issue made by him, with an order to assess damages as to the other, the attorney for the latter was entitled to notice of such assessment. So, in chancery, when a cause was brought on to be heard, upon pleadings and proofs as to some of the defendants, and upon bill, taken *pro confesso*, as to the others; or where the bill was taken *pro confesso* as to all, for the want of an answer, the defendants, who had appeared in the suit, were all entitled to notice of hearing.

So that whatever views are taken of the effect of the stipulation in question, the judgment was irregularly obtained, and must be set aside.

It is urged that the order from which this appeal was taken is not an appealable order under the provisions of section 349. Had the appellants procured the certificate of the judge before whom the motion was argued, in conformity with the rule of this court, adopted March 22d, 1851, there would have been no doubt whatever of their right to have a review of this order under that rule. But the appeal may, I think, and ought to be sustained, under the section of the code above referred to.

I am aware that there is some difficulty in determining with certainty what the legislature intended by an order which " involves the merits of the action." I am inclined to agree with the views of Justice Selden, where, in *St. John* v. *West*, 4 Pr. R. 331, he defines the word " merits," as used here, to mean " the strict legal rights of the parties, as contradistinguished from the mere questions of practice, which every court regulates for itself, and from all matters which depend upon the discretion of the court." And, generally, I think, that where a judgment has been obtained in violation of an express provision of the code, a motion to vacate it, involves the merits in the sense in which it is used in the 349th section. A defendant is entitled to notice of trial, and the court have no discretion to dispense with the service. Besides, it is obvious that some of the objections to which the proceedings herein are liable, could not be considered on an appeal from the judgment, the defendants not having, in fact, answered; so that there is some ground for saying, that as to some of these objections, the order has the effect of determining the action and preventing a judgment, from which an appeal can be taken.

I think the order appealed from should be reversed and the judgment set aside, with ten dollars costs of the motion below, to be paid by the plaintiff to the defendants, Reynold & Gross, and that ten dollars costs to the said defendants on this appeal should abide the event of the suit.

Ordered accordingly.